UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BACH Y. NGUYEN,

    Plaintiff,

v.

SAVERS, INC.

    Defendant.

C.A. No.

**COMPLAINT AND JURY DEMAND**

Now comes the Plaintiff, Bach Y. Nguyen, and brings this complaint against the Defendant, Savers, Inc., under 42 U.S.C. §§ 12112 and 12203 and M.G.L. c. 151B, § 4, for unlawfully discriminating against her based on her disability and for retaliating against her because she engaged in activity protected under those statutes.

**PARTIES**

1. The Plaintiff, Bach Y. Nguyen (hereinafter, "Ms. Nguyen"), is a resident of Lynn, Massachusetts, and was employed by Savers, Inc. at its Saugus, Massachusetts location.

2. Defendant, Savers, Inc. (hereinafter, "Savers" or the "Company"), is a corporation with its principal place of business in Bellevue, Washington, and operates retail stores under the name Value Village, including the store located in Saugus, Massachusetts.

**JURISDICTION & VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States, and under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over the Defendant, Savers, Inc., because Savers operates a retail location in Saugus, Massachusetts, where Ms. Nguyen worked for Savers as an employee.

6. Prior to filing her complaint with this Court, Ms. Nguyen exhausted any administrative filing requirements by filing a complaint within the timeframe provided under Massachusetts and federal law with the Equal Employment Opportunity Commission (EEOC Charge No. 523-2024-02307).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

8. Ms. Nguyen was hired by Savers on or about August 29, 2016.

9. Ms. Nguyen remained employed by the Company until her termination on March 12, 2024.

10. She was a "tagger roller soft" at the Value Village Store in Saugus, Massachusetts.

11. Ms. Nguyen is Deaf and requires the use of American Sign Language (ASL) interpreters or Video Relay Services (VRS) for effective communication.

12. During her employment, Ms. Nguyen repeatedly requested reasonable accommodations for her disability, including the use of VRS and ASL interpreters, which were consistently denied by Savers, Inc.

13. The accommodations requested by Ms. Nguyen were readily available to Savers at all levels of administration.

14. Ms. Nguyen also keeps a VRS application on her personal cell phone.

15. These applications are easily accessible and require reasonable attention while being utilized.

16. These accommodations were essential for Ms. Nguyen to understand workplace policies, participate in meetings, and effectively communicate with management and colleagues.

17. Ms. Nguyen also experienced physical limitations due to well-known hand injuries, which have had an impact on her employment.

18. English is also her second language, once again well-known to Savers, which has further hindered her ability to communicate and understand workplace policies and procedures.

19. Ms. Nguyen received her last performance review in September 2023.

20. Performance reviews were conducted by Savers each fall. In each one of these instances, Savers never utilized either the VRS or an interpreter. In each instance, a copy of the written evaluation was shown to Ms. Nguyen, and she was given a "thumbs up" as an indication of her performance. She did not receive copies.

21. Ms. Nguyen made a request for her employment file on December 8, 2020. She never received a response to her request.

22. This request was in response to an altercation in which Ms. Nguyen was suspended.

23. Ms. Nguyen's job included sorting and organizing bedding donations. She was working alongside a hearing coworker who was unsure how to categorize an item and decided to discard it.

24. In response, Ms. Nguyen attempted to explain, through sign language and gestures, that the item was for the baby section and should be given to the appropriate department.

25. The coworker became upset when Ms. Nguyen repeatedly used the sign for "understand," which the coworker did not recognize.

26. At that point, another coworker walked into the situation and escalated tensions. Both women began yelling at Ms. Nguyen, intimidating her.

27. In response, Ms. Nguyen attempted to use her voice to approximate a sound similar to "stop."

28. The manager at the time called Ms. Nguyen into the office and informed her she was being suspended for allegedly swearing, making inappropriate gestures, and yelling.

29. Ms. Nguyen did not yell, she simply used her Deaf voice. Despite filing a report with HR (Report # TV-20-11-0024), she was ultimately allowed to return to work.

30. Another incident occurred when the manager physically grabbed Ms. Nguyen's arm very forcefully to get her attention.

31. Each of these incidents would have been avoided by use of the appropriate accommodations.

32. Ms. Nguyen made another request for her employment file in Fall 2023.

33. The more recent request was also not honored, and no file was provided in violation of Massachusetts General Laws chapter 149, Section 52C.

34. On February 14, 2024, Savers implemented a new Loss Prevention Policy ("Policy") without providing an ASL interpreter to explain the Policy to Ms. Nguyen. This resulted in Ms. Nguyen not fully understanding the new Policy.

35. The absence of an interpreter meant, once again, that Ms. Nguyen could not fully comprehend the details and implications of the Policy, which directly impacted her ability to comply with it.

36. On February 28, 2024, Ms. Nguyen was accused of violating the Loss Prevention Policy and was terminated without being given a fair opportunity to understand or respond to the allegations due to the lack of effective communication accommodations.

37. If the requested accommodations had been provided, Ms. Nguyen would have been able to understand the Policy and defend herself against the allegations, potentially preventing her wrongful termination.

38. Ms. Nguyen was separated from her employment at Savers on March 12, 2024.

39. Her termination was conducted with unreasonable speed, as she was not given a fair chance to communicate her side of the story or respond to the allegations due to the lack of communication accommodations.

40. Despite Ms. Nguyen's attempts to contact the store manager, Rafael, after her separation, she received no response.

41. Ms. Nguyen experienced mental and emotional anguish as a result of this distressing, unilateral treatment.

42. Savers has purposefully withheld Ms. Nguyen's personnel file, withholding documents that would properly be kept in a personnel file and which reflect poorly on Savers and/or the behavior of its agents.

43. The Equal Employment Opportunity Commission (EEOC) found reasonable cause to believe that Savers engaged in employment discrimination in violation of the ADA.

## COUNT I:
## DISCRIMINATION BASED ON DISABILITY
## 42 U.S.C. § 12112

44. Ms. Nguyen repeats and realleges the allegations contained in paragraphs 1 through 43 as if expressly rewritten here.

45. Savers discriminated against Ms. Nguyen in violation of 42 U.S.C. § 12112 by refusing to accommodate her disability and terminating her employment despite the fact that she was capable of performing the essential functions of her position with reasonable accommodation and without causing Savers an undue hardship.

46. The case of *EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103 (9th Cir. 2010) supports the requirement for employers to provide reasonable accommodation to employees with disabilities, including effective communication methods.

WHEREFORE, the Plaintiff, Bach Y. Nguyen, respectfully requests that this Court:

   a) Order Defendant, Savers, to pay Ms. Nguyen such damages as have been sustained as the consequence of Savers' discharge in violation of the ADA;

   b) Award Ms. Nguyen compensatory damages for emotional distress and lost wages;

   c) Order Savers to pay Ms. Nguyen punitive damages;

   d) Order Savers to pay Ms. Nguyen attorneys' fees and the costs of litigation made necessary because of Savers' conduct;

   e) Enter Judgment in favor of Ms. Nguyen on Count I of this Complaint; and

   f) Order such other and further relief as this Court deems equitable and just.

## COUNT II:
## DISCRIMINATION BASED ON DISABILITY
## M.G.L. c. 151B, § 4

47. Ms. Nguyen repeats and realleges the allegations contained in paragraphs 1 through 46 as if expressly rewritten here.

48. Savers discriminated against Ms. Nguyen in violation of M.G.L. c. 151B, § 4 by refusing to accommodate her disability and terminating her employment despite the fact that she was capable of performing the essential functions of her position with reasonable accommodation and without causing Savers an undue hardship.

WHEREFORE, the Plaintiff, Bach Y. Nguyen, respectfully requests that this Court:

  a) Order Savers, to pay Ms. Nguyen such damages as have been sustained as the consequence of the Savers' discharge in violation of M.G.L. c. 151B, § 4;

  b) Award Ms. Nguyen compensatory damages for emotional distress and lost wages;

  c) Order Savers to pay Ms. Nguyen punitive damages;

  d) Order Savers to pay Ms. Nguyen attorneys' fees and the costs of litigation made necessary because of Savers' conduct;

  e) Enter Judgment in favor of Ms. Nguyen on Count II of this Complaint; and

  f) Order such other and further relief as this Court deems equitable and just.

## COUNT III
## RETALIATION
## 42 U.S.C. § 12203

49. Ms. Nguyen repeats and realleges the allegations contained in paragraphs 1 through 48 as if expressly rewritten here.

50. Savers unlawfully retaliated against Ms. Nguyen in violation of 42 U.S.C. § 12203 by terminating her employment because she engaged in protected activity by requesting that Savers grant her a reasonable accommodation.

WHEREFORE, the Plaintiff, Bach Y. Nguyen, respectfully requests that this Court:

  a) Order Defendant, Savers, to pay Ms. Nguyen such damages as have been sustained as the consequence of Savers' discharge in violation of the ADA;

  b) Award Ms. Nguyen compensatory damages for emotional distress and lost wages;

  c) Order Savers to pay Ms. Nguyen punitive damages;

  d) Order Savers to pay Ms. Nguyen attorneys' fees and the costs of litigation made necessary because of Savers' conduct;

  e) Enter Judgment in favor of Ms. Nguyen on Count III of this Complaint; and

  f) Order such other and further relief as this Court deems equitable and just.

## COUNT IV
## RETALIATION
## M.G.L. c. 151B, § 4

51. Ms. Nguyen repeats and realleges the allegations contained in paragraphs 1 through 50 as if expressly rewritten here.

52. Savers unlawfully retaliated against Ms. Nguyen in violation of M.G.L. c. 151B, § 4 by terminating her employment because she engaged in protected activity by requesting that Savers grant her a reasonable accommodation.

WHEREFORE, the Plaintiff, Bach Y. Nguyen, respectfully requests that this Court:

a) Order Savers, to pay Ms. Nguyen such damages as have been sustained as the consequence of the Savers' discharge in violation of M.G.L. c. 151B, § 4;

b) Award Ms. Nguyen compensatory damages for emotional distress and lost wages;

c) Order Savers to pay Ms. Nguyen punitive damages;

d) Order Savers to pay Ms. Nguyen attorneys' fees and the costs of litigation made necessary because of Savers' conduct;

e) Enter Judgment in favor of Ms. Nguyen on Count IV of this Complaint; and

f) Order such other and further relief as this Court deems equitable and just.

## COUNT V
## DISCHARGE IN VIOLATION OF PUBLIC POLICY

53. Ms. Nguyen repeats and realleges the allegations contained in paragraphs 1 through 52 as if expressly rewritten here.

54. Ms. Nguyen was hired by Savers in 2016.

55. Ms. Nguyen held the position of tagger roller soft within Savers over the course of her employment with the Company.

56. Savers refused to provide Ms. Nguyen with reasonable and readily available accommodations, despite knowing that refusal to provide such accommodations would create both physical and emotional hardship for Ms. Nguyen.

57. Savers' behavior left Ms. Nguyen physically and emotionally ill and ultimately led to her discharge from the Company.

WHEREFORE, the Plaintiff, Bach Y. Nguyen, respectfully requests that this Court:

    a) Order Defendant, Savers, to pay Ms. Nguyen such damages as have been sustained in consequence of the Savers' discharge in violation of public policy;

    b) Order Savers to pay Ms. Nguyen attorneys' fees made necessary as a result of Savers' conduct;

    c) Enter Judgment in favor of Ms. Nguyen on Count V of this Complaint; and

    d) Order such other and further relief as this Court deems equitable and just.

## COUNT VI:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Ms. Nguyen repeats and realleges the allegations contained in paragraphs 1 through 57 as if expressly rewritten here.

59. Ms. Nguyen began working at Savers in 2016.

60. Savers created a hostile workplace environment for Ms. Nguyen in retaliation for her demands.

61. Savers' behavior made Ms. Nguyen physically and emotionally ill, requiring treatment.

62. Ms. Nguyen sustained damages as a result of the emotional distress caused by Savers' constructive discharge in violation of public policy.

WHEREFORE, the Plaintiff, Bach Y. Nguyen, respectfully requests that this Court:

    a) Order Savers to pay Ms. Nguyen such damages as have been sustained in consequence of Savers' negligent infliction of emotional distress;

b) Order Savers to pay Ms. Nguyen's reasonable attorneys' fees made necessary as a result of Savers' conduct;

c) Enter Judgment in favor of Ms. Nguyen on Count VI of this Complaint; and

d) Order such other and further relief as this Court deems just and equitable.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
BACH Y. NGUYEN,
By her Attorneys,

_____
Jennifer Martin Foster, BBO #644796
jfoster@fwd-law.com
Jason Sweet, Esq. BBO#668596
jsweet@fwd-law.com
Roberto L. Di Marco, BBO #645157
rdimarco@fwd-law.com
Foster, Walker & Di Marco, P.C.
350 Main Street, Third Floor
Malden, MA 02148
Tel: 781-322-3700
Fax: 781-322-3757

Date:   April 18, 2025